**DAVID BARRON**
Nevada Bar No. 142
**JOSEPH R. MESERVY**
Nevada Bar No. 14088
**BARRON & PRUITT, LLP**
3890 West Ann Road
North Las Vegas, Nevada 89031
Telephone: (702) 870-3940
E-Mail: dbarron@lvnvlaw.com
*Attorneys for Black & Decker Inc., Black & Decker (U.S.) Inc. dba DeWalt Industrial Tool Co., improperly named as "DeWalt Industrial Company, Inc.," and Home Depot U.S.A, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SERHAN KORKMAZ, individually,<br><br>Plaintiffs,<br>vs.<br><br>DEWALT INDUSTRIAL TOOL, COMPANY INC., a Foreign Corporation; BLACK & DECKER INC., a Foreign Corporation; HOME DEPOT U.S.A., Inc., a Foreign Profit Corporation; ROE GRINDER MANUFACTURER; ROE GRINDER INSPECTOR; ROE GRINDER CONTRACTOR; ROE GRINDER DISTRIBUTOR; ROE BATTERY MANUFACTURF,R; R.O.E BATTERY INSPECTOR; ROE BATTERY CONTRACTOR; ROE BATTERY DISTRIBUTOR; DOE INDIVIDUALS 1-20; and ROE BUS.INESS ENTI:TIES 1-20, inclusive,<br><br>Defendants. | Case No.<br><br>**BLACK & DECKER INC., and BLACK & DECKER (U.S.) INC. dba DeWALT INDUSTRIAL TOOL CO. and HOME DEPOT U.S.A., INC.'s PETITION FOR REMOVAL** |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

Petitioners, BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC. dba DeWALT INDUSTRIAL TOOL CO. ("BDUS"), respectfully show the Court:

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

**PETITION FOR REMOVAL**

1. "Black & Decker Inc." and "DeWalt Industrial Tool Company Inc." are named as defendants in an action filed in the 8th Judicial District Court, Clark County, Nevada, on March 14, 2022, entitled *Serhan Korkmaz v. DeWalt Industrial Tool Company, Inc., et al.* (Case #A-22-849656-C), referenced below as the "state court action." A copy of the described "Complaint and Demand for Jury Trial" is attached as EXHIBT A.

2. Black & Decker Inc.[1] is incorporated in the state of Delaware; has its principal place of business is Hartford County, Connecticut; and pursuant to 28 UCS §1332(c)(1) is a citizen of the states of Delaware and Connecticut.

3. "DeWalt Industrial Tool Co."[2] is not a legal corporation; rather, it is a registered trade name of Black & Decker (U.S.) Inc. (BDUS). BDUS is incorporated in the state of Maryland; has its principal place of business in Baltimore County, Maryland; and pursuant to 28 UCS §1332(c)(1) is a citizen of the state of Maryland.

4. Home Depot U.S.A., Inc., is also named as a defendant in the state court action. Home Depot U.S.A., Inc., is incorporated in the state of Delaware; has its principal place of business in Fulton County, Georgia; and pursuant to 28 UCS §1332(c)(1) is a citizen of the states of Delaware and Georgia.

5. Plaintiff, Serhan Korkmaz, is citizen of the state of Nevada.

6. Black & Decker Inc. was served with the Korkmaz summons and complaint in the state court action on March 28, 2022. Such service was effected through its Nevada resident, CSC, as evidenced by copies of the summons and "Notice of Process," which are jointly attached as EXHIBIT B.

7. Home Depot U.S.A., Inc. was served with the summons and complaint in the state court action on March 28, 2022. Such service was effected through its Nevada resident, CSC, as evidenced by copies of the summons and "Notice of Process," which are attached jointly as EXHIBIT C.

---

[1] "Black & Decker, Inc.," is a "holding company" which does not manufacture, design, distribute or sell DeWalt rand power tools, and is therefore an improperly named party.

[2] "DeWalt Industrial Tool Co." is not a legal corporate entity, and is a registered trade name of BDUS.

8. Plaintiff, Serhan Korkmaz's complaint alleges a product-related bodily injury occurring in Clark County, Nevada, and seeks, among other general and special damages, the recovery of past and future medical expenses for treatment of injuries alleged in the described complaint. See EXHIBIT A ¶¶ 41, 54, 73, 91, 98, 107, 116, 125, 134, and Prayer for Relief ¶¶ 3 and 4. Attached as EXHIBIT D are verified records from University Medical Center, Las Vegas, Nevada reflecting incurred medical expenses in the amount of $444,357.45 for treatment of alleged injuries to the left bicep tendon and a lacerated brachial artery claimed to have resulted from the incident set forth in the Korkmaz complaint.

9. This is a "civil action" that could have originally been brought in federal court and Petitioners, Black & Decker Inc. and Black & Decker (U.S.) Inc., pursuant to 28 USC §1441(a), submit their Petition for Removal to remove this action from the 8th Judicial District Court, Clark County, Nevada to the United States District Court for the District of Nevada based upon diversity of citizenship of the parties, and an amount in controversy in excess $75,000. See 28 USC §1332(a)(2).

10. As set forth in the "Joinder in Petition for Removal" below, Home Depot U.S.A., Inc. joins in the removal.

11. Based upon allegations of the Korkmaz complaint, this matter is venued in the United State District Court for the District of Nevada as it is the "judicial district in which a part or the substantial part of the events giving rise to the claim occurred." 28 USC §1391(b)(2).

13. All pleadings in Petitioners' control are attached to this Petition for Removal as EXHIBITS A, B and C.

**JOINDER IN PETITION FOR REMOVAL**

14. Home Depot U.S.A., Inc., hereby joins in Black & Decker Inc. and Black & Decker

///

///

///

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

(U.S.) Inc.'s Petition for Removal.

BARRON & PRUITT, LLP

/s/David Barron

DAVID BARRON
Nevada Bar Number #142
JOSEPH R. MESERVY
Nevada Bar No. 14088
3890 West Ann Road
North Las Vegas NV 89031
*Attorneys for Black & Decker Inc., Black & Decker (U.S.) Inc. dba DeWalt Industrial Tool Co., improperly named as "DeWalt Industrial Tool Company, Inc.," and Home Depot U.S.A, Inc.*

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 18th day of April, 2022, I served the foregoing **PETITION FOR REMOVAL AND Joinder**s follows:

☐ US MAIL: by placing the document(s) listed above in a sealed envelope, postage prepaid, in the United States Mail at Las Vegas, Nevada, addressed to the following:

☐ BY FAX: by transmitting the document(s) listed above via facsimile transmission to the fax number(s) set forth below.

☐ BY HAND-DELIVERY: by hand-delivering the document(s) listed above to the address(es) set forth below.

☐ BY EMAIL: by emailing the document(s) listed above to the email address(es) set forth below.

☒ BY ELECTRONIC SERVICE: by electronically serving the document(s) listed above with the U.S. District Court's e-filing system upon all parties required to be registered for electronic service therein.

/s/ Deb Sagert
An Employee of BARRON & PRUITT, LLP

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

# EXHIBIT A

EXHIBIT A

EXHIBIT A

Electronically Filed
3/14/2022 2:49 PM
Steven D. Grierson
CLERK OF THE COURT

CASE NO: A-22-849656-C
Department 14

COMP

BRADLEY S. MAINOR, ESQ.
Nevada Bar No. 7434
JOSEPH J. WIRTH, ESQ.
Nevada Bar No. 1020
BREANNA HARTMANN, ESQ.
Nevada Bar No. 13889
ASH MARIE BLACKBURN, ESQ.
Nevada Bar No. 14712
**MAINOR WIRTH, LLP**
6018 S. Fort Apache Road, Ste. 150
Las Vegas, NV 89148-5652
Tel: (702) 464-5000
Fax: (702) 463-4440
ash@mwinjury.com
bree@mwinjury.com
*Counsel for Plaintiff*

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

SERHAN KORKMAZ, individually,

Plaintiff,

vs.

DEWALT INDUSTRIAL TOOL COMPANY INC., a Foreign Corporation; BLACK & DECKER INC., a Foreign Corporation; HOME DEPOT U.S.A., INC., a Foreign Profit Corporation; ROE GRINDER MANUFACTURER; ROE GRINDER INSPECTOR; ROE GRINDER CONTRACTOR; ROE GRINDER DISTRIBUTOR; ROE BATTERY MANUFACTURER; ROE BATTERY INSPECTOR; ROE BATTERY CONTRACTOR; ROE BATTERY DISTRIBUTOR; DOE INDIVIDUALS 1-20; and ROE BUSINESS ENTITIES 1-20, inclusive,

Defendants.

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, SERHAN KORKMAZ, by and through his attorneys, BRADLEY S. MAINOR, ESQ., JOSEPH J. WIRTH, ESQ., BREANNA HARTMANN, ESQ.,

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

and ASH MARIE BLACKBURN, ESQ., of MAINOR WIRTH, LLP, and for his causes of action against Defendants, and each of them, complains and alleges as follows:

**THE PARTIES**

1. That Plaintiff, KORKMAZ SERHAN ("Plaintiff") is, and at all times mentioned herein was, a resident of the state of Nevada, County of Clark.

2. That Defendant DEWALT INDUSTRIAL TOOL COMPANY INC. ("DEWALT") is, and at all times mentioned herein was, a Foreign Corporation, licensed to do business in the County of Clark, State of Nevada.

3. That Defendant BLACK & DECKER INC. ("BLACK & DECKER") is, and at all times mentioned herein was, a Foreign Corporation, licensed to do business in the County of Clark, State of Nevada. Upon information and belief, at all times relevant to these proceedings, Defendant BLACK & DECKER owned, operated, controlled, and/or supervised Defendant DEWALT.

4. That Defendant HOME DEPOT U.S.A., INC. ("HOME DEPOT") is, and at all times mentioned herein was, a Foreign Profit Corporation, licensed to do business in the County of Clark, State of Nevada.

5. The identity of Defendant ROE GRINDER MANUFACTURER is unknown at this time; however, Plaintiff believes ROE GRINDER MANUFACTURER manufactured the DEWALT 20v Max Lithium Ion Cordless 4-1/2" Grinder, DCG412, and/or components/parts thereof, which caused injuries to Plaintiff. Plaintiff requests leave of the Court to amend this Complaint to name ROE GRINDER MANUFACTURER specifically when its identity becomes known.

6. The identity of Defendant ROE GRINDER INSPECTOR is unknown at this time; however, Plaintiff believes ROE GRINDER INSPECTOR to be an inspection person and/or entity that was responsible for inspecting the DEWALT 20v Max Lithium Ion Cordless 4-1/2" Grinder, DCG412, and/or components/parts thereof, which caused injuries to Plaintiff. Plaintiff requests leave of the Court to amend this Complaint to name ROE GRINDER INSPECTOR specifically when its identity becomes known.

7.   The identity of ROE GRINDER CONTRACTOR is unknown at this time; however, Plaintiff believes ROE GRINDER CONTRACTOR to have provided parts and/or services to HOME DEPOT as part of the manufacturing and/or distribution process of the DEWALT 20v Max Lithium Ion Cordless 4-1/2" Grinder, DCG412, and/or components/parts thereof, which caused injuries to Plaintiff.  Plaintiff requests leave of the Court to amend this Complaint to name ROE GRINDER CONTRACTOR specifically when its identity becomes known.

8.   The identity of ROE GRINDER DISTRIBUTOR is unknown at this time; however, Plaintiff believes ROE GRINDER DISTRIBUTOR to have provided parts, supplies, and/or services to HOME DEPOT as part of the manufacturing and/or distribution process of the DEWALT 20v Max Lithium Ion Cordless 4-1/2" Grinder, DCG412b, and/or components/parts thereof, which caused injuries to Plaintiff.  Plaintiff requests leave of the Court to amend this Complaint to name ROE GRINDER DISTRIBUTOR specifically when its identity becomes known.

9.   The identity of Defendant ROE BATTERY MANUFACTURER is unknown at this time; however, Plaintiff believes ROE BATTERY MANUFACTURER manufactured the DEWALT FLEXVOLT LITHIUM ION 20V/60V 6.0 AH Battery Pack, DCB606, and/or components/parts thereof, which caused injuries to Plaintiff. Plaintiff requests leave of the Court to amend this Complaint to name ROE BATTERY MANUFACTURER specifically when its identity becomes known.

10.  The identity of Defendant ROE BATTERY INSPECTOR is unknown at this time; however, Plaintiff believes ROE BATTERY INSPECTOR to be an inspection person and/or entity that was responsible for inspecting the DEWALT FLEXVOLT LITHIUM ION 20V/60V 6.0 AH Battery Pack, DCB606, and/or components/parts thereof, which caused injuries to Plaintiff. Plaintiff requests leave of the Court to amend this Complaint to name ROE BATTERY INSPECTOR specifically when its identity becomes known.

11.  The identity of ROE BATTERY CONTRACTOR is unknown at this time; however, Plaintiff believes ROE BATTERY CONTRACTOR to have provided parts and/or services to HOME DEPOT as part of the manufacturing and/or distribution process of the DEWALT

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

FLEXVOLT LITHIUM ION 20V/60V 6.0 AH Battery Pack, DCB606, and/or components/parts thereof, which caused injuries to Plaintiff. Plaintiff requests leave of the Court to amend this Complaint to name ROE BATTERY CONTRACTOR specifically when its identity becomes known.

12. The identity of ROE BATTERY DISTRIBUTOR is unknown at this time; however, Plaintiff believes ROE BATTERY DISTRIBUTOR to have provided parts, supplies, and/or services to HOME DEPOT as part of the manufacturing and/or distribution process of the DEWALT FLEXVOLT LITHIUM ION 20V/60V 6.0 AH Battery Pack, DCB606, and/or components/parts thereof, which caused injuries to Plaintiff. Plaintiff requests leave of the Court to amend this Complaint to name ROE BATTERY DISTRIBUTOR specifically when its identity becomes known.

13. That Defendants DOE INDIVIDUALS 1-5 and ROE BUSINESS ENTITIES 1-5 are other owners, operators, employees, supervisors, managers, marketers, or agents of the HOME DEPOT store located at 9705 W. Charleston Blvd., Las Vegas, NV 89117.

14. That Defendants DOE INDIVIDUALS 6-10 and ROE BUSINESS ENTITES 6-10 are owners, operators, employees, supervisors, managers, marketers, and/or agents of HOME DEPOT, DEWALT, and/or BLACK & DECKER, and/or products at issue herein.

15. That Defendants DOE INDIVIDUALS 11-15 and ROE BUSINESS ENTITIES 11-15 are the designers, installers, and maintenance providers for HOME DEPOT, DEWALT, and/or BLACK & DECKER, and/or products at issue herein.

16. That Defendants DOE INDIVIDUALS 16-20 and ROE BUSINESS ENTITIES 16-20 are the construction companies, sub-contractors, vendors, inspectors or other persons/entities responsible for the installation and construction of the subject equipment used.

17. That the true names and capacities of the remaining Defendants designated herein as Doe Individuals or Roe Business Entities are presently unknown at this time to Plaintiff, who therefore sues said Defendants by such fictitious names — these entities would specifically include owners and associations presently unknown. When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

18. That at all times pertinent, Defendants and each of them were agents, servants, employees or joint venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

**JURISDICTION AND VENUE**

19. At all times relevant to these proceedings, Defendants, and each of them, utilized the privileges, benefits and protections of the laws of the State of Nevada and have otherwise availed themselves to the jurisdiction of the State of Nevada by placing products into the stream of commerce, which were marketed, sold, distributed and/or used in the State of Nevada, or by otherwise establishing sufficient minimum contacts with the State of Nevada so as to submit themselves to the jurisdiction of Nevada.

20. Venue is proper because it is the county in which Plaintiff was located at the time the actions of Defendants, and each of them, resulted in injuries to Plaintiff.

21. Furthermore, Defendants, and each of them, either market, distribute and sell their products to residents of the State of Nevada; and/or have sufficient minimum contacts with, the State of Nevada.

**GENERAL ALLEGATIONS**

22. This action is a products liability action, which arises from the design, manufacturing, distribution, and/or warning defects of the DEWALT 20v Max Lithium Ion Cordless 4-1/2" Grinder, DCG412, (hereafter "Grinder"), the DEWALT FLEXVOLT LITHIUM ION 20V/60V 6.0 AH Battery Pack, DCB606 (hereafter "Battery") and/or components/parts thereof.

23. On or about May 27, 2019, Plaintiff purchased the subject Grinder and Battery online through HOME DEPOT.

24. On or about June 3, 2019, Plaintiff picked up the Grinder at a Home Depo store located at 9705 W. Charleston Blvd., Las Vegas, Nevada 89117.

25. On or about June 3, 2019, Plaintiff picked up the Battery at a Home Depo store located at 4195 S. Fort Apache Road, Las Vegas, Nevada 89147.

///

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

26. Sometime prior to June 3, 2019, Defendants, and each of them, designed, manufactured, marketed, distributed, sold, packaged, and placed into the stream of commerce the Grinder, Battery, and/or components/parts thereof, which were represented to be safe for its intended use and which reached the ultimate consumer in substantially the same condition in which it was sold.

27. Defendants, and each of them, were responsible for the maintenance of the equipment and tools used in the creation of the Grinder, Battery, components/parts thereof, and/or tools kept in proximity to the area where the Grinder, Battery, and/or components/parts thereof, were assembled.

28. Defendants, and each of them, were also responsible for ensuring that products it provided to customers were safe for their intended use.

29. The Grinder, Battery, and/or components/parts thereof were not altered, changed, improved, damaged, or impaired in any way at the time of its failure.

30. The Grinder and Battery and/or component parts were marketed to be compatible.

31. Prior to the subject incident, Plaintiff would use the Grinder with a different battery pack and have no issues. However, during several, various times that Plaintiff would use the Grinder and the subject Battery together, he would feel a minor shock.

32. On or about March 18, 2020, Plaintiff intended to use the Grinder and Battery, which Defendants, and each of them, had designed, manufactured, marketed, distributed, and sold in a normal, customary, and foreseeable manner.

33. That day, after using the Grinder and Battery, Plaintiff attempted to remove the Battery from the Grinder, the Grinder sporadically and suddenly turned on, severely cutting Plaintiff's left arm, resulting in severe and permanent injuries.

34. Upon information and belief, the dangerous condition was caused as a direct result of the Defendants' failure to design, construct, control, repair, inspect, and/or maintain the Grinder, Battery, and/or components/parts thereof in a reasonable and safe manner.

35. Upon information and belief, the dangerous condition was further caused due to incompatibility of the Grinder and the Battery and Defendants, and each of them, failed to

properly warn of such incompatibility.

36. Upon information and belief, Defendants marketed the Grinder and the Battery as being compatible.

37. Defendants knew, or reasonably should have known, that the dangerous condition existed.

38. Defendants failed to adequately warn, caution, instruct, or otherwise make safe, the dangerous condition existing in the Grinder and Battery, and/or components/parts thereof. Accordingly, Defendants negligently, carelessly, and recklessly created and/or allowed the dangerous condition to exist.

39. Defendants should have warned or otherwise made safe the dangerous condition because that condition was non-obvious to Plaintiff.

40. As a result of Defendants' actions or omissions, Plaintiff suffered severe injuries, all or some of which conditions appear be permanent and which are severely disabling in nature, causing general and special damages in amounts to be determined at trial, but which amounts easily exceed the statutory minimum of $15,000.

41. That as a further direct and proximate cause of the Defendants' acts and/or omissions, Plaintiff has incurred, and will continue to incur in the future, medical expenses in an amount to be proven at the time of trial.

42. That as a further direct and proximate result of the defects and Defendants' acts and/or omissions, Plaintiff has lost wages and has experienced a diminished earning capacity in an amount to be proven at the time of trial.

43. As a result of the foregoing defects and Defendants' acts and/or omissions, Plaintiff has had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs of suit incurred herein.

**FIRST CAUSE OF ACTION**

**(Strict Products Liability – All Defendants)**

44. Plaintiff incorporates by reference and restates each of the above paragraphs as though the same were fully set forth herein.

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

45. That Defendants were the sellers, manufacturers, distributers, packagers, retailers and/or suppliers of the Grinder and/or Battery.

46. That the Grinder, Battery, and/or components/parts thereof were defective, among others, in the following ways:

a. In its design;

b. In its manufacture;

c. In its quality assurance/quality control testing; and,

d. In its warnings, labeling and instructions;

47. That said defects existed when the Grinder and Battery left Defendants' possession and caused the product to differ from its intended design and/or quality.

48. That the Grinder and Battery, when sold and delivered, did not contain, nor was it accompanied by, suitable and adequate instructions and/or warnings concerning its safe and proper use, care, and/or inspection.

49. That the Grinder and/or Battery were used by the ultimate consumer, Plaintiff, for its intended purpose and in a manner that was reasonably foreseeable by the Defendants.

50. That as a result of the foregoing defects, the Grinder and/or Battery was unreasonably dangerous because those defects caused the product to fail to perform in the manner reasonably expected in light of its nature and intended purpose, thereby seriously and permanently injuring Plaintiff.

51. That the defects were the actual cause of the damages and injuries suffered by Plaintiff.

52. That the defects were the proximate (legal) cause of the damages and injuries suffered by Plaintiff.

53. As a result of the foregoing defects and Defendants' acts and/or omissions, Plaintiff suffered severe injuries, all or some of which conditions are permanent and disabling in nature, causing general and special damages in amounts to be determined at trial, but which amounts easily exceed the statutory minimum of $15,000.

///

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

54. That as a further direct and proximate result of the foregoing defects and Defendants' acts and/or omissions, Plaintiff has incurred, and will continue to incur in the future, medical expenses in an amount to be proven at the time of trial.

55. That as a further direct and proximate result of the defects and Defendants' acts and/or omissions, Plaintiff has lost wages and has experienced a diminished earning capacity in an amount to be proven at the time of trial.

56. As a result of the foregoing defects and Defendants' acts and/or omissions, Plaintiff has had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs of suit incurred herein.

**SECOND CAUSE OF ACTION**

**(Breach of Warranty – All Defendants)**

57. Plaintiff incorporates by reference and restates each of the above paragraphs as though the same were fully set forth herein.

58. That the Parties, as buyers and sellers, entered into a contract for the sale of the Grinder and Battery, and/or components/parts thereof.

59. That Defendants as sellers, were in the business of selling the Grinder and Battery, and/or components/parts thereof of the kind and nature that injured Plaintiff.

60. That all Defendants held themselves out as having special knowledge or skill pertaining to tools, which includes but is not limited to, the Grinder and Battery and/or component parts.

61. That at the time all Defendants manufactured, distributed, supplied and/or sold such products, they had reason to know that the products were needed for a particular purpose.

62. That the purchase of the Grinder and Battery and/or component parts by Plaintiff, relied on Defendants skill or judgment in selecting and furnishing the Grinder and Battery and/or component parts for that particular purpose.

63. That all Defendants impliedly and expressly warranted the quality of the Grinder and Battery and/or component parts.

///

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

64. That the Grinder and/or Battery and/or component parts did not meet the quality of similarly manufactured, distributed, supplied, and/or sold tools for their particular purpose and/or their intended function.

65. That the Grinder and/or Battery and/or component parts did not conform to the implied or express warranties.

66. All Defendants breached their express and implied warranties by the failures as alleged above, and by the improper marketing, labeling, packaging, and/or instruction, caused by the failure to adequately warn and instruct in the safe operation and maintenance of the Grinder and/or Battery.

67. That Plaintiff was a third-party beneficiary of those implied and express warranties.

68. That it was reasonable for Defendants to expect such a person, like Plaintiff, would use and be affected by the Grinder and Battery and/or component parts.

69. That all Defendants' breaches of the implied and express warranties were the actual causes of the damages, losses, harms and injuries suffered by Plaintiff.

70. That all Defendants' breaches of the implied and express warranties were the proximate (legal) causes of the damages, losses, harm and injuries suffered by Plaintiff.

71. As a result of the foregoing breaches of the implied and express warranties, Plaintiff suffered severe injuries, all or some of which conditions are permanent and disabling in nature, causing general and special damages in amounts to be determined at trial, but which amounts exceed the statutory minimum of $15,000.

72. That as a further direct and proximate result of the breaches of the implied and express warranties, Plaintiff's life expectancy has been permanently and substantially diminished.

73. That as a further direct and proximate result of the foregoing breaches of the implied and express warranties, Plaintiff has incurred, and will continue to incur in the future, medical expenses in an amount to be proven at the time of trial.

74. That as a further direct and proximate result of the breaches of the implied and express warranties, Plaintiff has lost wages and has experienced a diminished earning capacity in an amount to be proven at the time of trial.

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

75. As a result of the foregoing breaches of the implied and express warranties, Plaintiff has had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs of suit incurred herein.

**THIRD CAUSE OF ACTION**

**(Negligence – All Defendants)**

76. Plaintiff incorporates by reference and restates each of the above paragraphs as though the same were fully set forth herein.

77. Defendants, and each of them, were negligent in the design, manufacturing, manufacturing of component parts, labeling, warning, instructing, marketing, distribution, supply, assembly, and/or sale of the Grinder, Battery, and/or components/parts thereof, because Defendants knew, or in the exercise of ordinary care should have known, that the Grinder and/or Battery and/or component parts were unreasonably dangerous to those persons likely to use the products for the purpose and in the manner for which they were intended to be used.

78. Defendants were negligent in the particulars set forth in this and the preceding paragraphs and such negligence was a proximate cause of the occurrence in question.

79. That all Defendants owed Plaintiff a duty of reasonable care in the placing of safe, non-defective products into the stream of commerce for use by people like Plaintiff.

80. That all Defendants breached this duty by putting into the stream of commerce defective and unreasonably dangerous product.

81. That all Defendants owed a duty of care to Plaintiff to ensure that the Grinder, Battery, and/or components/parts thereof were properly used, selected, assembled, maintained, inspected, stored, repaired, and cared for; and that all manufacturer specifications, instructions, and warnings were being followed before permitting the use of the products by the ultimate consumers.

82. That all Defendants breached this duty of care by failing to properly assemble, maintain, inspect, store, and/or care for the Grinder, Battery, and/or components/parts thereof; and by failing to ensure that all manufacturer specifications, instructions, and warnings were followed before permitting use of the products by the ultimate consumers, including Plaintiff.

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

83. That Defendants, and each of them, had specific knowledge regarding the likely and intended use of the Grinder, Battery, and/or components/parts thereof.

84. That Defendants' breach of these duties of care is, and was, the actual cause of the damages, losses, harms and injuries suffered by Plaintiff.

85. That Defendants' breach of these duties of care is, and was, the proximate cause of the damages, losses, harms and injuries suffered by Plaintiff.

86. That a Grinder sporadically and suddenly turning on is not an event that occurs unless a company in the stream of commerce is negligent.

87. That the Grinder, Battery and/or component parts were in the exclusive control of Defendants.

88. That the Grinder sporadically and suddenly turning on was not caused by any negligence on the part of Plaintiff.

89. That Defendants have superior knowledge as to the condition of the Grinder, Battery, and/or component parts for purposes of explaining how and why the Grinder sporadically and suddenly turned on.

90. As a result of the foregoing negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff suffered severe injuries, all or some of which conditions are permanent and disabling in nature, causing general and special damages in amounts to be determined at trial, but which amounts exceed the statutory minimum of $15,000.

91. As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to body, limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $15,000. That said services, care, and treatment are continuing and shall continue in the future.

92. That as a further direct and proximate result of Defendants' negligence, Plaintiff has lost wages and has experienced a diminished earning capacity in an amount to be proven at the time of trial.

///

93. As a further direct and proximate result of Defendants' negligence, Plaintiff has had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs of suit incurred herein.

**FOURTH CAUSE OF ACTION**

**(Res Ipsa Loquitor- All Defendants)**

94. Plaintiff incorporates by reference and restates each of the above paragraphs as though the same were fully set forth herein.

95. Plaintiff is informed and believes that at all times material herein, Defendants had exclusive legal control of the Grinder, Battery, components/parts thereof, and/or any other instrument of harm.

96. The incident, and the injuries resulting therefrom, are those that do not ordinarily occur in the absence of negligence.

97. Pursuant to the doctrine of Res Ipsa Loquitur and the clear negligence of the Defendants, Plaintiff has suffered general and special damages in excess of Fifteen Thousand Dollars ($15,000.00).

98. As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to body, limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $15,000. That said services, care, and treatment are continuing and shall continue in the future.

99. Pursuant to the doctrine of Res Ipsa Loquitur and the clear negligence of the Defendants, Plaintiff has lost wages and has experienced a diminished earning capacity in an amount to be proven at the time of trial.

100. Pursuant to the doctrine of Res Ipsa Loquitur and the clear negligence of the Defendants, Plaintiff has had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs of suit incurred herein.

///

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

**FIFTH CAUSE OF ACTION**

**(Negligent Hiring- All Defendants)**

101. Plaintiff incorporates by reference and restates each of the above paragraphs as though the same were fully set forth herein.

102. That Defendants owed Plaintiff a duty to utilize reasonable application, screening, and hiring processes for all of its employees, including but not limited to Defendant DOE INDIVIDUALS 1-20, to perform the necessary job functions of maintenance, inspection, selection, assembly, use, marketing, and/or sale of the Grinder, Battery, and/or components/parts thereof.

103. That Defendants knew or reasonably should have known that by not utilizing reasonable application, screening, and hiring processes for its employees, including but not limited to Defendant DOE INDIVIDUALS 1-20, they would not have competent employees to perform the necessary job functions to reasonably maintain, inspect, select, assemble, use, market, and/or sell the Grinder, Battery, and/or components/parts thereof.

104. That Defendants breached their duty by failing to utilize reasonable application, screening, and hiring processes for its employees, including but not limited to Defendant DOE INDIVIDUALS 1-20, and that such breach resulted in Defendants employing individuals without the necessary ability, knowledge, or skill to ensure the Grinder and Battery and/or component parts were reasonably safe for Plaintiff.

105. That Defendants' breach of their duty to utilize reasonable application, screening, and hiring processes for their employees is and was the actual and proximate cause of the damages, losses, harms, and injuries suffered by Plaintiff.

106. As a result of the foregoing negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff suffered severe injuries, all or some of which conditions are permanent and disabling in nature, causing general and special damages in amounts to be determined at trial, but which amounts exceed the statutory minimum of $15,000.

///

107. As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to body, limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $15,000. That said services, care, and treatment are continuing and shall continue in the future.

108. That as a further direct and proximate result of Defendants' negligence, Plaintiff has lost wages and has experienced a diminished earning capacity in an amount to be proven at the time of trial.

109. As a further direct and proximate result of Defendants' negligence, Plaintiff has had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs of suit incurred herein.

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

**SIXTH CAUSE OF ACTION**

**(Negligent Training- All Defendants)**

110. Plaintiff incorporates by reference and restates each of the above paragraphs as though the same were fully set forth herein.

111. That Defendants owed Plaintiff a duty to reasonably train their employees, including but not limited to Defendant DOE INDIVIDUALS 1-20, to perform the necessary job functions to reasonably maintain, inspect, select, assemble, use, market, and/or sell the Grinder, Battery, and/or components/parts thereof.

112. That Defendants knew or reasonably should have known that by not reasonably training its employees, including but not limited to Defendant DOE INDIVIDUALS 1-20, they would not have competent employees to perform the necessary job functions to reasonably maintain, inspect, select, assemble, use, market, and/or sell the Grinder, Battery, and/or components/parts thereof.

113. That Defendants breached their duty by failing to reasonably train its employees, including but not limited to Defendant DOE INDIVIDUALS 1-20, and that such breach resulted in employees not having the necessary ability, knowledge, or skill to Defendants employing

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

individuals without the necessary ability, knowledge, or skill to ensure the Grinder and Battery and/or component parts were reasonably safe for Plaintiff.

114. That Defendants' breach of their duty reasonably train its employees is and was the actual and proximate cause of the damages, losses, harms, and injuries suffered by Plaintiff.

115. As a result of the foregoing negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff suffered severe injuries, all or some of which conditions are permanent and disabling in nature, causing general and special damages in amounts to be determined at trial, but which amounts exceed the statutory minimum of $15,000.

116. As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to body, limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $15,000. That said services, care, and treatment are continuing and shall continue in the future.

117. That as a further direct and proximate result of Defendants' negligence, Plaintiff has lost wages and has experienced a diminished earning capacity in an amount to be proven at the time of trial.

118. As a further direct and proximate result of Defendants' negligence, Plaintiff has had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs of suit incurred herein.

**SEVENTH CAUSE OF ACTION**

**(Negligent Supervision- All Defendants)**

119. Plaintiff incorporates by reference and restates each of the above paragraphs as though the same were fully set forth herein.

120. That Defendants owed Plaintiff a duty to reasonably supervise their employees, including but not limited to Defendant DOE INDIVIDUALS 1-20, to perform the necessary job functions to reasonably maintain, inspect, select, assemble, use, market, and/or sell the Grinder, Battery, and/or components/parts thereof.

121. That Defendants knew or reasonably should have known that by not reasonably supervising its employees, including but not limited to Defendant DOE INDIVIDUALS 1-20, they would not have competent employees to perform the necessary job functions to reasonably maintain, inspect, select, assemble, use, market, and/or sell the Grinder, Battery, and/or components/parts thereof.

122. That Defendants breached their duty by failing to reasonably supervise its employees, including but not limited to Defendant DOE INDIVIDUALS 1-20, and that such breach resulted in employees not having the necessary ability, knowledge, or skill to Defendants employing individuals without the necessary ability, knowledge, or skill to ensure the Grinder and Battery and/or component parts were reasonably safe for Plaintiff.

123. That Defendants' breach of their duty reasonably supervise its employees is and was the actual and proximate cause of the damages, losses, harms, and injuries suffered by Plaintiff.

124. As a result of the foregoing negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff suffered severe injuries, all or some of which conditions are permanent and disabling in nature, causing general and special damages in amounts to be determined at trial, but which amounts exceed the statutory minimum of $15,000.

125. As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to body, limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $15,000. That said services, care, and treatment are continuing and shall continue in the future.

126. That as a further direct and proximate result of Defendants' negligence, Plaintiff has lost wages and has experienced a diminished earning capacity in an amount to be proven at the time of trial.

127. As a further direct and proximate result of Defendants' negligence, Plaintiff has had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs of suit incurred herein.

///

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

**EIGHTH CAUSE OF ACTION**

**(Negligent Retention- All Defendants)**

128. Plaintiff incorporates by reference and restates each of the above paragraphs as though the same were fully set forth herein.

129. That Defendants knew or reasonably should have known, that their employee, including but not limited to DOE INDIVIDUALS 1-20, was unfit to perform the necessary job functions to reasonably maintain, inspect, select, assemble, use, market, and/or sell the Grinder, Battery, and/or components/parts thereof.

130. That Defendants owed Plaintiff a duty to discharge or terminate their employee, including but not limited to DOE INDIVIDUALS 1-20, who Defendants knew or reasonably should have known, did not possess the necessary ability, knowledge, or skill needed to reasonably maintain, inspect, select, assemble, use, market, and/or sell the Grinder, Battery, and/or components/parts thereof.

131. That Defendants breached their duty to discharge or terminate their employees, including but not limited to DOE INDIVIDUALS 1-20, who Defendants knew or reasonably should have known, did not possess the necessary ability, knowledge, or skill needed to reasonably maintain, inspect, select, assemble, use, market, and/or sell the Grinder, Battery, and/or components/parts thereof.

132. That Defendants' breach of their duty to discharge or terminate employees unfir to perform the necessary job functions, is and was, the actual and proximate cause of the damages, losses, harms, and injuries suffered by Plaintiff.

133. As a result of the foregoing negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff suffered severe injuries, all or some of which conditions are permanent and disabling in nature, causing general and special damages in amounts to be determined at trial, but which amounts exceed the statutory minimum of $15,000.

134. As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to body, limbs, organs and nervous systems, all or some

of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $15,000. That said services, care, and treatment are continuing and shall continue in the future.

135. That as a further direct and proximate result of Defendants' negligence, Plaintiff has lost wages and has experienced a diminished earning capacity in an amount to be proven at the time of trial.

136. As a further direct and proximate result of Defendants' negligence, Plaintiff has had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs of suit incurred herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against the Defendants, and each of them, as follows:

1. General damages sustained by Plaintiff in an amount in excess of $15,000;
2. Special damages to be determined at the time of trial;
3. Medical and incidental expenses already incurred and to be incurred;
4. Future medical expenses to be determined at the time of trial;
5. Damages for lost wages and loss of earning capacity;
6. Damages for permanent disfigurement;
7. Interest at the statutory rate;
8. Reasonable attorney's fees and costs of suit; and
9. For such other relief as the Court deems just and proper.

///

///

///

///

///

///

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, by and through her attorneys, BRADLEY S. MAINOR, ESQ., JOSEPH J. WIRTH, ESQ., BREANNA HARTMANN, ESQ., and ASH MARIE BLACKBURN, ESQ. of MAINOR WIRTH, LLP, hereby demands a trial by jury of all issues in the above-entitled matter.

DATED THIS 14th day of March, 2022.

**MAINOR WIRTH, LLP**

*/s/ Breanna Hartmann*

ASH MARIE BLACKBURN, ESQ.
Nevada Bar No. 14712
BREANNA HARTMANN, ESQ.
Nevada Bar No. 13889
6018 S. Fort Apache, Ste. 150
Las Vegas, NV 89148
*Attorneys for Plaintiff*

# EXHIBIT B

EXHIBIT B

EXHIBIT B



# Notice of Service of Process

KP / ALL
**Transmittal Number: 24702600**
**Date Processed: 04/01/2022**

**Primary Contact:** Cathleen Buchanan
Stanley Black & Decker, Inc.
701 E Joppa Rd
Towson, MD 21286-5559

| | |
|---|---|
| **Entity:** | Black & Decker (U.S.) Inc.<br>Entity ID Number 0152688 |
| **Entity Served:** | Black And Decker, Inc. |
| **Title of Action:** | Serhan Korkmaz vs. Dewalt Industrial Tool Company Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Clark County District Court, NV |
| **Case/Reference No:** | A-22-849656-C |
| **Jurisdiction Served:** | Nevada |
| **Date Served on CSC:** | 03/28/2022 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Mainor Wirth, LLP<br>702-464-5000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

Electronically Issued
3/21/2022 12:07 PM

SUMM

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SERHAN KORKMAZ, individually,<br><br>Plaintiff,<br>vs.<br><br>DEWALT INDUSTRIAL TOOL COMPANY INC., a Foreign Corporation; BLACK & DECKER INC., a Foreign Corporation; HOME DEPOT U.S.A., INC., a Foreign Profit Corporation; ROE GRINDER MANUFACTURER; ROE GRINDER INSPECTOR; ROE GRINDER CONTRACTOR; ROE GRINDER DISTRIBUTOR; ROE BATTERY MANUFACTURER; ROE BATTERY INSPECTOR; ROE BATTERY CONTRACTOR; ROE BATTERY DISTRIBUTOR; DOE INDIVIDUALS 1-20; and ROE BUSINESS ENTITIES 1-20, inclusive,<br><br>Defendants. | CASE NO.: A-22-849656-C<br>DEPT. NO.: 14<br><br>**SUMMONS** |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

**BLACK AND DECKER, INC.**
**c/o GEORGE MASSIH**
**112 North Curry Street**
**Carson City, NV 89703**

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:

By: /s/ Breanna K. Hartmann
BREANNA K. HARTMANN, ESQ.
Nevada Bar No. 13889
6018 S. Ft. Apache Road, Ste. 150
Las Vegas, NV 89148
(702) 464-5000; (702) 463-4440 Facsimile
*Attorney for Plaintiff*

CLERK OF COURT

By: [signature] 3/23/2022
Deputy Clerk Date
County Courthouse
200 Lewis Avenue
Las Vegas, NV 89155

Demond Palmer

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

# EXHIBIT C

EXHIBIT C

EXHIBIT C



# Notice of Service of Process

null / ALL
**Transmittal Number: 24683743**
**Date Processed: 03/29/2022**

| | |
|---|---|
| **Primary Contact:** | Quinessa Malcolm<br>The Home Depot, Inc.<br>2455 Paces Ferry Rd SE<br>Atlanta, GA 30339-1834 |
| **Electronic copy provided to:** | Cathy Copeland<br>Adriane Towns |

| | |
|---|---|
| **Entity:** | Home Depot U.S.A., Inc.<br>Entity ID Number 2483807 |
| **Entity Served:** | Home Depot U.S.A., Inc. |
| **Title of Action:** | Korkmaz, Serhan vs. Dewalt Industrial Tool Company Inc. |
| **Matter Name/ID:** | Korkmaz, Serhan vs. Dewalt Industrial Tool Company Inc. (12139380) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Clark County District Court, NV |
| **Case/Reference No:** | A-22-849656-C |
| **Jurisdiction Served:** | Nevada |
| **Date Served on CSC:** | 03/28/2022 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Mainor Wirth, LLP<br>702-464-5000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

Electronically Issued
3/21/2022 12:07 PM

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

**SUMM**

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SERHAN KORKMAZ, individually,<br><br>Plaintiff,<br>vs.<br><br>DEWALT INDUSTRIAL TOOL COMPANY INC., a Foreign Corporation; BLACK & DECKER INC., a Foreign Corporation; HOME DEPOT U.S.A., INC., a Foreign Profit Corporation; ROE GRINDER MANUFACTURER; ROE GRINDER INSPECTOR; ROE GRINDER CONTRACTOR; ROE GRINDER DISTRIBUTOR; ROE BATTERY MANUFACTURER; ROE BATTERY INSPECTOR; ROE BATTERY CONTRACTOR; ROE BATTERY DISTRIBUTOR; DOE INDIVIDUALS 1-20; and ROE BUSINESS ENTITIES 1-20, inclusive,<br><br>Defendants. | CASE NO.: A-22-849656-C<br>DEPT. NO.: 14<br><br>**SUMMONS** |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

**HOME DEPOT U.S.A., INC.**
**c/o George Massih**
**112 North Curry Street**
**Carson City, NV 89703**

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could

result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:

By: */s/ Breanna K. Hartmann*
BREANNA K. HARTMANN ESQ.
Nevada Bar No. 13889
6018 S. Ft. Apache Road, Ste. 150
Las Vegas, NV 89148
(702) 464-5000; (702) 463-4440 Facsimile
*Attorney for Plaintiff*

CLERK OF COURT

By: [signature] 3/23/2022
Deputy Clerk Date
County Courthouse
200 Lewis Avenue
Las Vegas, NV 89155

Demond Palmer

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

# EXHIBIT D

EXHIBIT D

EXHIBIT D



UMC
UNIVERSITY MEDICAL CENTER

# CERTIFICATE OF *FINANCIAL* RECORDS

## CUSTODIAN

CASE # unknown

STATE OF NEVADA)
COUNTY OF CLARK) ss

NOW COMES Michelle Feder, who after first duly sworn deposes and says the following:

1. That the deponent is the Patient Accounts Manager and in such capacity the Custodian of Financial Records at University Medical Center of Southern Nevada.

2. That University Medical Center of Southern Nevada is licensed to do business as a hospital in the state of Nevada.

3. That on the 27TH day of JULY,2021 the deponent received a subpoena/ or custodian of records request for financial in connection with the above entitled cause, calling for the production of records pertaining to **KORKMAZ, SERHAN.**

4. That the deponent has examined the original of those financial records and has made or caused to be made a true and exact copy of them and that the reproduction of them attached hereto is true and complete.

5. That the original of those records was made at or near the time of the acts, events, conditions, opinions or diagnoses recited therein by or from information transmitted by a person with knowledge in the course of a regularly conducted activity of the deponent or the office or institution in which the deponent is engaged.

By ______________________
Michelle Feder
Title: Patient Account Manager

SUBSCRIBED AND SWORN to before me this 28th day of July 2021.

______________________
Notary Public in and for the
County of Clark and State of Nevada

ROSA A. SEDO
Notary Public, State of Nevada
Appointment No. 03-83716-1
My Appt. Expires May 28, 2023

University Medical Center
1800 W. Charleston Blvd. • Las Vegas, Nevada 89102 • (702) 383-2000
An Equal Opportunity (including the handicapped) - Affirmative Action Employer



University Medical Center of Southern Nevada
1800 W. Charleston Blvd.
Las Vegas, NV 89102
Ph: (702) 383-2347

July 28, 2021

Serhan Korkmaz
359 VALLEGGIA DR
LAS VEGAS, NV 89138

Guarantor ID: 400011282

Visit Coverages:
Associate Risk Management - Associated Risk Management

This is not a bill. This is an itemization of your hospital services for:

Patient: Korkmaz, Serhan
Hospital Account: 18004692366

Admission Date: 03/18/20
Discharge Date: 03/20/20

Current Hospital Account Balance: 0.00

**Hospital Charges**

| Date | Rev Code | Procedure Code | Description | Qty | Amount |
|---|---|---|---|---|---|
| 03/18/20 | 0636 | 90715 | DIPHTH-PERTUS(ACELL)-TETANUS 2.5-8-5 LF-MCG-LF/0.5 ML SUSPENSION (49281-400-89) | 1 | 122.97 |
| 03/18/20 | 0636 | J0690 | CEFAZOLIN PER 500 MG (44567-707-25) | 4 | 6.14 |
| 03/18/20 | 0250 | 25000003 | ETOMIDATE 2 MG/ML SOLUTION (0143-9506-01) | 1 | 110.28 |
| 03/18/20 | 0636 | J1644 | HEPARIN (PORCINE) PER 1000 UNITS (63739-953-25) | 10 | 8.72 |
| 03/18/20 | 0636 | J7030 | SODIUM CHLORIDE PER 500 ML (0338-0049-04) | 1 | 11.25 |
| 03/18/20 | 0250 | 63700001 | THROMBIN (BOVINE) 5,000 UNIT RECON SOLN (60793-215-05) | 1 | 638.60 |
| 03/18/20 | 0636 | J0330 | SUCCINYLCHOLINE PER 20 MG (0409-6629-02) | 5 | 31.92 |
| 03/18/20 | 0250 | 25000003 | EPHEDRINE 50 MG/ML SOLUTION (14789-014-01) | 1 | 316.99 |
| 03/18/20 | 0258 | 25800003 | ELECTROLYTE-7.4 PARENTERAL SOLUTION (0338-0221-04) | 3 | 643.56 |
| 03/18/20 | 0636 | J1170 | HYDROMORPHONE (PF) 1 MG/ML SOLUTION (0409-1283-31) | 1 | 7.01 |
| 03/18/20 | 0250 | 63700001 | ASPIRIN 81 MG TABLET,CHEWABLE (63739-434-01) | 1 | 2.00 |
| 03/18/20 | 0636 | J2270 | MORPHINE (PF) 4 MG/ML SOLUTION (0641-6125-01) | 1 | 6.24 |
| 03/18/20 | 0250 | 25000003 | CALCIUM CHLORIDE 100 MG/ML (10 %) SYRINGE (0409-1631-10) | 1 | 166.99 |
| 03/18/20 | 0636 | J2405 | ONDANSETRON PER 1 MG (0641-6078-01) | 4 | 2.68 |
| 03/18/20 | 0636 | J1100 | DEXAMETHASONE PER 1 MG (0641-0367-25) | 4 | 4.27 |
| 03/18/20 | 0636 | J7120 | LACTATED RINGERS PER 1000 ML (0338-0117-04) | 1 | 11.25 |

UMC
UNIVERSITY MEDICAL CENTER

| Date | Rev Code | Procedure Code | Description | Qty | Amount |
|---|---|---|---|---|---|
| 03/18/20 | 0250 | 25000003 | LIDOCAINE-EPINEPHRINE (MPF) 1 %-1:200,000 SOLUTION (63323-487-17) | 1 | 99.52 |
| 03/18/20 | 0250 | 25000003 | BUPIVACAINE (PF) 0.25 % (2.5 MG/ML) SOLUTION (0409-1159-02) | 1 | 69.24 |
| 03/18/20 | 0250 | 63700001 | METHOCARBAMOL 750 MG TABLET (70010-770-01) | 1 | 11.69 |
| 03/18/20 | 0250 | 25000003 | SUGAMMADEX PER VIAL (0006-5423-12) | 1 | 1,089.86 |
| 03/18/20 | 0636 | J1200 | DIPHENHYDRAMINE PER 50 MG (72485-101-25) | 1 | 2.10 |
| 03/18/20 | 0250 | 63700001 | ACETAMINOPHEN 325 MG TABLET (0904-6773-61) | 2 | 4.00 |
| 03/18/20 | 0250 | 63700001 | GABAPENTIN 100 MG CAPSULE (0904-6665-61) | 1 | 7.90 |
| 03/18/20 | 0250 | 25041816 | Hc Sevoflurane Per Minute | 100 | 832.00 |
| 03/18/20 | 0270 | 27000195 | DERMABOND PEN ADVANCED | 1 | 127.41 |
| 03/18/20 | 0270 | 27000252 | SPONGE SURGIFOAM AGS SZ 100 | 1 | 148.62 |
| 03/18/20 | 0270 | 27099070 | MODULE PBDS PERIPHERAL VASCULAR | 1 | 1,045.99 |
| 03/18/20 | 0360 | 36000017 | Hc Or Level 3 - First 30 Mins | 1 | 12,096.00 |
| 03/18/20 | 0370 | 37000000 | Hc Anesthesia Per Minute | 107 | 1,070.00 |
| 03/18/20 | 0360 | 36000010 | Hc Or Level 3 - Addt'l 15 Mins | 6 | 32,659.20 |
| 03/18/20 | 0300 | 30082803 | Hc Blood Gases | 1 | 849.62 |
| 03/18/20 | 0410 | 41037799 | Hc Unlisted Vascular Procedure | 1 | 1,884.48 |
| 03/18/20 | 0270 | 27000108 | BAG PRESSURE INFUSER 500CC | 1 | 48.54 |
| 03/18/20 | 0391 | 39136430 | HC TRANSF BLOOD OR BLOOD COMPONENTS | 1 | 1,788.69 |
| 03/18/20 | 0300 | 30086920 | IMMEIDATE SPIN CROSSMATCH | 1 | 256.84 |
| 03/18/20 | 0300 | 30086920 | IS CROSSMATCH | 1 | 256.84 |
| 03/18/20 | 0300 | 30086920 | IMMEIDATE SPIN CROSSMATCH | 1 | 256.84 |
| 03/18/20 | 0300 | 30086920 | IS CROSSMATCH | 1 | 256.84 |
| 03/18/20 | 0390 | 39009016 | AP LEUK POOR RBC, ACDA AS3, IST CONTAINER | 1 | 511.38 |
| 03/18/20 | 0390 | 39009016 | LR RBC CP2D AS3 | 1 | 511.38 |
| 03/18/20 | 0390 | 39009017 | THAWED AP PLASMA ACDA | 1 | 175.43 |
| 03/18/20 | 0390 | 39009017 | APH THAWED PLASMA ACDA | 1 | 175.43 |
| 03/18/20 | 0270 | 27000176 | OXISENSOR NEO/ADULT MASIMO | 1 | 79.89 |
| 03/18/20 | 0300 | 30085610 | PROTHROMBIN TIME | 1 | 207.53 |
| 03/18/20 | 0300 | 30085730 | APTT | 1 | 355.44 |
| 03/18/20 | 0300 | 30083605 | LACTIC ACID | 1 | 403.49 |
| 03/18/20 | 0300 | 30083735 | MAGNESIUM | 1 | 315.31 |
| 03/18/20 | 0300 | 30080069 | RENAL FUNCTION TEST | 1 | 497.62 |
| 03/18/20 | 0300 | 30085025 | CBC WITH ELECTRONIC DIFF | 1 | 272.89 |
| 03/18/20 | 0390 | 39009016 | AP LEUK POOR RBC, ACDA AS3, IST CONTAINER | 1 | 511.38 |
| 03/18/20 | 0390 | 39009016 | APH LEUK POOR RBC ACD AS1 1ST | 1 | 511.38 |
| 03/18/20 | 0390 | 39009017 | APH THAWED PLASMA ACDA | 1 | 175.43 |
| 03/18/20 | 0390 | 39009017 | LIQUID PLASMA, EXT 5 DAYS, CP2D | 1 | 175.43 |
| 03/18/20 | 0920 | 92051798 | Hc Meas, Post-void Res, Us, Non-imaging | 1 | 101.35 |
| 03/18/20 | 0208 | 20800000 | Hc Icu Trauma Critical | 1 | 4,785.00 |
| 03/18/20 | 0681 | 68100002 | Hc Intermed Trauma Response | 1 | 15,780.00 |
| 03/18/20 | 0771 | 77190471 | HC IMMUNIZATION ADMIN 1 VACCINE | 1 | 205.24 |
| 03/18/20 | 0270 | 27000113 | Hc Oxisensor Adult B2251 | 1 | 149.05 |
| 03/18/20 | 0300 | 30086900 | ABO TYPE | 1 | 122.68 |
| 03/18/20 | 0300 | 30086901 | RH&TYPE | 1 | 122.68 |
| 03/18/20 | 0300 | 30086850 | ANTIBODY SCREEN - GEL TECHNIQUE | 1 | 122.68 |
| 03/18/20 | 0300 | 30082803 | Hc Blood Gases | 1 | 849.62 |
| 03/18/20 | 0410 | 41037799 | Hc Unlisted Vascular Procedure | 1 | 1,884.48 |
| 03/18/20 | 0300 | 30086920 | IMMEIDATE SPIN CROSSMATCH | 1 | 256.84 |
| 03/18/20 | 0300 | 30086920 | IS CROSSMATCH | 1 | 256.84 |
| 03/18/20 | 0300 | 30086920 | IMMEIDATE SPIN CROSSMATCH | 1 | 256.84 |
| 03/18/20 | 0300 | 30086920 | IS CROSSMATCH | 1 | 256.84 |

UMC
UNIVERSITY MEDICAL CENTER

| Date | Rev Code | Procedure Code | Description | Qty | Amount |
|---|---|---|---|---|---|
| 03/18/20 | 0300 | 30086920 | IMMEIDATE SPIN CROSSMATCH | 1 | 256.84 |
| 03/18/20 | 0300 | 30086920 | IS CROSSMATCH | 1 | 256.84 |
| 03/18/20 | 0300 | 30086920 | IMMEIDATE SPIN CROSSMATCH | 1 | 256.84 |
| 03/18/20 | 0300 | 30086920 | IS CROSSMATCH | 1 | 256.84 |
| 03/18/20 | 0270 | 27001023 | SCD CALF STANDARD | 1 | 100.59 |
| 03/18/20 | 0270 | 27000238 | TRANSDUCER DOUBLE VAMP | 1 | 277.47 |
| 03/18/20 | 0270 | 27000474 | CATH RADIAL ARTERY 20 GA X 1-3/4IN | 4 | 347.26 |
| 03/18/20 | 0270 | 27000299 | IV BLOOD AND FLUIDS HOT LINE DISP | 1 | 66.54 |
| 03/18/20 | 0450 | NV00100 | Hc Er 1st Hour | 1 | 722.44 |
| 03/18/20 | 0450 | NV00101 | Hc Er Each Addt'l Hour | 1 | 327.58 |
| 03/19/20 | 0250 | 63700001 | OXYCODONE 5 MG TABLET (0904-6966-61) | 1 | 17.46 |
| 03/19/20 | 0250 | 63700001 | OXYCODONE 5 MG TABLET (0904-6966-61) | 1 | 17.46 |
| 03/19/20 | 0250 | 63700001 | OXYCODONE 5 MG TABLET (0904-6966-61) | 2 | 34.92 |
| 03/19/20 | 0250 | 63700001 | DOCUSATE SODIUM 100 MG CAPSULE (0904-6455-61) | 1 | 5.55 |
| 03/19/20 | 0250 | 63700001 | DOCUSATE SODIUM 100 MG CAPSULE (0904-6455-61) | 1 | 5.55 |
| 03/19/20 | 0250 | 63700001 | POLYETHYLENE GLYCOL 3350 17 GRAM POWDER IN PACKET (0904-6422-86) | 1 | 55.32 |
| 03/19/20 | 0636 | J1644 | HEPARIN (PORCINE) PER 1000 UNITS (63323-517-74) | 25 | 29.07 |
| 03/19/20 | 0250 | 63700001 | ASPIRIN 81 MG TABLET,CHEWABLE (63739-434-01) | 1 | 2.00 |
| 03/19/20 | 0250 | 63700001 | METHOCARBAMOL 750 MG TABLET (70010-770-01) | 1 | 11.69 |
| 03/19/20 | 0250 | 63700001 | METHOCARBAMOL 750 MG TABLET (70010-770-01) | 1 | 11.69 |
| 03/19/20 | 0250 | 63700001 | METHOCARBAMOL 750 MG TABLET (70010-770-01) | 1 | 11.69 |
| 03/19/20 | 0250 | 63700001 | METHOCARBAMOL 750 MG TABLET (70010-770-01) | 1 | 11.69 |
| 03/19/20 | 0250 | 63700001 | ACETAMINOPHEN 325 MG TABLET (0904-6773-61) | 2 | 4.00 |
| 03/19/20 | 0250 | 63700001 | ACETAMINOPHEN 325 MG TABLET (0904-6773-61) | 2 | 4.00 |
| 03/19/20 | 0250 | 63700001 | ACETAMINOPHEN 325 MG TABLET (0904-6773-61) | 2 | 4.00 |
| 03/19/20 | 0250 | 63700001 | ACETAMINOPHEN 325 MG TABLET (0904-6773-61) | 2 | 4.00 |
| 03/19/20 | 0250 | 63700001 | ACETAMINOPHEN 325 MG TABLET (0904-6773-61) | 2 | 4.00 |
| 03/19/20 | 0250 | 63700001 | GABAPENTIN 100 MG CAPSULE (0904-6665-61) | 1 | 7.90 |
| 03/19/20 | 0250 | 63700001 | GABAPENTIN 100 MG CAPSULE (0904-6665-61) | 1 | 7.90 |
| 03/19/20 | 0250 | 63700001 | GABAPENTIN 100 MG CAPSULE (0904-6665-61) | 1 | 7.90 |
| 03/19/20 | 0300 | 30085025 | CBC WITH ELECTRONIC DIFF | 1 | 272.89 |
| 03/19/20 | 0300 | 30083735 | MAGNESIUM | 1 | 315.31 |
| 03/19/20 | 0300 | 30080069 | RENAL FUNCTION TEST | 1 | 497.62 |
| 03/19/20 | 0920 | 92051798 | Hc Meas, Post-void Res, Us, Non-imaging | 1 | 101.35 |
| 03/19/20 | 0300 | 30080307 | URINE DRUG SCREEN | 1 | 413.42 |
| 03/19/20 | 0921 | 92193931 | HC US UPPER EXT ART/BYPASS GRFT UNI | 1 | 1,235.90 |
| 03/19/20 | 0921 | 92193923 | HC US ABIS W/SEGMENTAL UPPER/LOWER | 1 | 1,984.50 |
| 03/19/20 | 0300 | 30082550 | CK - CREATINE KINASE | 1 | 377.23 |
| 03/19/20 | 0434 | 43497165 | Hc Ot Eval Low Complexity 30min | 1 | 622.21 |
| 03/19/20 | 0300 | 30085730 | ACTIVATED PARTIAL THROMBOPLASTIN | 1 | 355.44 |
| 03/19/20 | 0208 | 20800000 | Hc Icu Trauma Critical | 1 | 4,785.00 |
| 03/20/20 | 0424 | 42497161 | Hc Pt Eval Low Complex 20min | 1 | 641.91 |
| 03/20/20 | 0250 | 63700001 | OXYCODONE 5 MG TABLET (0904-6960-61) | 1 | 17.46 |

UMC
UNIVERSITY MEDICAL CENTER

| Date | Rev Code | Procedure Code | Description | Qty | Amount |
|---|---|---|---|---|---|
| 03/20/20 | 0250 | 63700001 | GABAPENTIN 100 MG CAPSULE (0904-6665-61) | 2 | 15.80 |
| 03/20/20 | 0250 | 63700001 | ASPIRIN 81 MG TABLET,CHEWABLE (63739-434-01) | 1 | 2.00 |
| 03/20/20 | 0250 | 63700001 | METHOCARBAMOL 750 MG TABLET (70010-770-01) | 1 | 11.69 |
| 03/20/20 | 0250 | 63700001 | ACETAMINOPHEN 325 MG TABLET (0904-6773-61) | 2 | 4.00 |
| 03/20/20 | 0250 | 63700001 | METHOCARBAMOL 750 MG TABLET (70010-770-01) | 1 | 11.69 |
| 03/20/20 | 0250 | 63700001 | ACETAMINOPHEN 325 MG TABLET (0904-6773-61) | 2 | 4.00 |
| 03/20/20 | 0250 | 63700001 | OXYCODONE 5 MG TABLET (0904-6966-61) | 1 | 17.46 |
| 03/20/20 | 0250 | 63700001 | GABAPENTIN 100 MG CAPSULE (0904-6665-61) | 2 | 15.80 |
| 03/20/20 | 0305 | 30585027 | HEMOGRAM | 1 | 241.93 |
| 03/20/20 | 0300 | 30082550 | CK - CREATINE KINASE | 1 | 377.23 |
| 03/20/20 | 0300 | 30083735 | MAGNESIUM | 1 | 315.31 |
| 03/20/20 | 0300 | 30085610 | PROTHROMBIN TIME | 1 | 207.53 |
| 03/20/20 | 0300 | 30085730 | APTT | 1 | 355.44 |
| 03/20/20 | 0300 | 30080069 | RENAL FUNCTION TEST | 1 | 497.62 |
| 03/20/20 | 0270 | 27001006 | Hc Incentive Spirometer Device | 1 | 31.84 |
| 03/20/20 | 0300 | 30036415 | VENIPUNCTURE | 1 | 79.11 |
| Total hospital charges: | | | | | 103,918.36 |

**Hospital Payments and Adjustments**

| Date | Description | Amount |
|---|---|---|
| 06/24/20 | Associate Risk Management Payments | -14,442.52 |
| 07/01/20 | Associate Risk Management Adjustments | -89,475.84 |
| Total hospital payments and adjustments: | | -103,918.36 |

**PLEASE NOTE** BALANCE MAY NOT REFLECT PAYMENTS, ADJUSTMENTS, CREDITS OR CHARGES PENDING POSTING.



University Medical Center of Southern Nevada
1800 W. Charleston Blvd.
Las Vegas, NV 89102
Ph: (702) 383-2347

July 28, 2021

Serhan Korkmaz
359 VALLEGGIA DR
LAS VEGAS, NV 89138

Guarantor ID: 400011282

Visit Coverages:
Associate Risk Management - Associated Risk Management

This is not a bill. This is an itemization of your hospital services for:

Patient: Korkmaz, Serhan
Hospital Account: 18005762723

Admission Date: 10/09/20
Discharge Date: 10/09/20

Current Hospital Account Balance: 0.00

**Hospital Charges**

| Date | Rev Code | Procedure Code | Description | Qty | Amount |
|---|---|---|---|---|---|
| 10/08/20 | 0300 | 30085025 | CBC WITH ELECTRONIC DIFF | 1 | 272.89 |
| 10/08/20 | 0300 | 30085730 | ACTIVATED PARTIAL THROMBOPLASTIN | 1 | 355.44 |
| 10/08/20 | 0300 | 30085610 | PROTHROMBIN TIME (PROTIME + INR) | 1 | 207.53 |
| 10/08/20 | 0300 | 30080053 | COMPREHENSIVE METABOLIC PANEL | 1 | 945.94 |
| 10/08/20 | 0306 | 30610003 | COVID 19 HIGH VOLUME | 1 | 200.00 |
| 10/09/20 | 0636 | J1200 | DIPHENHYDRAMINE PER 50 MG (72485-101-25) | 1 | 9.69 |
| 10/09/20 | 0636 | J2250 | MIDAZOLAM PER 1 MG (0409-2305-17) | 2 | 1.91 |
| 10/09/20 | 0636 | J3010 | FENTANYL PER 0.1 MG (0409-9094-12) | 1 | 2.09 |
| 10/09/20 | 0636 | J2001 | LIDOCAINE 1 % PER 10 MG (63323-485-27) | 10 | 2.63 |
| 10/09/20 | 0636 | Q9967 | IOPAMIDOL PER 1 ML (0270-1315-50) | 125 | 43.88 |
| 10/09/20 | 0272 | 27243053 | HC IV PUMP SET PLAIN | 1 | 84.14 |
| 10/09/20 | 0270 | 27000113 | Hc Oxisensor Adult B2251 | 1 | 156.50 |
| 10/09/20 | 0272 | 27201769 | GUIDEWIRE BENTSON NON-HEPARIN .035IN X 260CM STRGT (TSFB-35-260) | 1 | 138.52 |
| 10/09/20 | 0278 | 27801894 | SHEATH INTRO BRITE TIP 4F 11CM | 1 | 145.88 |
| 10/09/20 | 0270 | 27000659 | SYRINGE MEDRAD 150ML MARK 7 | 1 | 73.30 |
| 10/09/20 | 0272 | 27201769 | GUIDEWIRE BENTSON .035IN X 150CM (ORDER MULT X 5) | 1 | 149.56 |
| 10/09/20 | 0270 | 27000334 | TRAY ANGIOGRAM | 1 | 506.19 |
| 10/09/20 | 0272 | 27201769 | GLIDEWIRE ANGLED .035 X 180CM X 3CM | 1 | 320.05 |
| 10/09/20 | 0272 | 27201725 | CATH PIGTAIL ANGIO .035 X 4F X 90CM | 1 | 127.73 |
| 10/09/20 | 0278 | 27801894 | SET MICROPUNCTURE CANNULA ACCESS STIFF 4F X 10CM (MPIS-402-10.0-SC-NT-U-SST) | 1 | 260.03 |
| 10/09/20 | 0278 | 27801887 | CATH TEMPO AQUA 4F X 125CM VERT LTX STERILE | 1 | 348.41 |
| 10/09/20 | 0323 | 32375710 | Hc Extremity Angio - Uni S&i | 1 | 6,643.40 |
| 10/09/20 | 0402 | 40276937 | Hc Us Guided Vasc Access | 1 | 1,889.60 |



| Date | Rev Code | Procedure Code | Description | Qty | Amount |
|---|---|---|---|---|---|
| 10/09/20 | 0370 | 37099152 | HC MOD SED SAME PHYS/QHP 5/>YRS | 1 | 408.24 |
| 10/09/20 | 0370 | 37099153 | Hc Mod Sed Same Phys Addtl 15mins | 2 | 174.88 |
| 10/09/20 | 0361 | 36136225 | HC ANGIO CATH PLC W SUBCLAV ART SI | 1 | 7,393.28 |
| Total hospital charges: | | | | | 20,861.71 |

**Hospital Payments and Adjustments**

| Date | Description | Amount |
|---|---|---|
| 03/12/21 | Associate Risk Management Payments | -3,251.06 |
| 04/13/21 | Associate Risk Management Adjustments | -17,610.65 |
| Total hospital payments and adjustments: | | -20,861.71 |

**PLEASE NOTE** BALANCE MAY NOT REFLECT PAYMENTS, ADJUSTMENTS, CREDITS OR CHARGES PENDING POSTING.



University Medical Center of Southern Nevada
1800 W. Charleston Blvd.
Las Vegas, NV 89102
Ph: (702) 383-2347

July 28, 2021

Serhan Korkmaz
359 VALLEGGIA DR
LAS VEGAS, NV 89138

Guarantor ID: 400011282

Visit Coverages:
Associate Risk Management - Associated Risk Management

This is not a bill. This is an itemization of your hospital services for:

Patient: Korkmaz, Serhan
Hospital Account: 18005874075

Admission Date: 11/13/20
Discharge Date: 11/14/20

Current Hospital Account Balance: 0.00

**Hospital Charges**

| Date | Rev Code | Procedure Code | Description | Qty | Amount |
|---|---|---|---|---|---|
| 11/12/20 | 0300 | 30085025 | CBC WITH ELECTRONIC DIFF | 1 | 272.89 |
| 11/12/20 | 0300 | 30085730 | ACTIVATED PARTIAL THROMBOPLASTIN | 1 | 355.44 |
| 11/12/20 | 0300 | 30085610 | PROTHROMBIN TIME (PROTIME + INR) | 1 | 207.53 |
| 11/12/20 | 0300 | 30080048 | BASIC METABOLIC | 1 | 480.69 |
| 11/12/20 | 0300 | 30086900 | ABO TYPE | 1 | 122.68 |
| 11/12/20 | 0300 | 30086901 | RH&TYPE | 1 | 122.68 |
| 11/12/20 | 0300 | 30086850 | ANTIBODY SCREEN - GEL TECHNIQUE | 1 | 122.68 |
| 11/12/20 | 0306 | 30610003 | COVID 19 HIGH VOLUME | 1 | 200.00 |
| 11/13/20 | 0258 | 25800003 | ELECTROLYTE-7.4 PARENTERAL SOLUTION (0338-0221-04) | 1 | 326.77 |
| 11/13/20 | 0258 | 25800003 | ELECTROLYTE-7.4 PARENTERAL SOLUTION (0338-0221-04) | 1 | 326.77 |
| 11/13/20 | 0250 | 25000003 | NEOMYCIN-POLYMYXIN B 40 MG-200,000 UNIT/ML SOLUTION (39822-1201-2) | 2 | 353.05 |
| 11/13/20 | 0250 | 25000003 | THROMBIN (BOVINE) 20,000 UNIT RECON SOLN (60793-217-20) | 1 | 1,708.22 |
| 11/13/20 | 0636 | J1644 | HEPARIN (PORCINE) PER 1000 UNITS (63323-540-11) | 15 | 9.90 |
| 11/13/20 | 0250 | 25000003 | BACITRACIN 500 UNIT/GRAM OINTMENT 28 G TUBE (45802-060-03) | 1 | 75.24 |
| 11/13/20 | 0636 | J3010 | FENTANYL PER 0.1 MG (0409-9094-12) | 1 | 1.05 |
| 11/13/20 | 0637 | 63700001 | ASPIRIN 81 MG TABLET,CHEWABLE (0904-6794-89) | 1 | 2.00 |
| 11/13/20 | 0636 | J3010 | FENTANYL PER 0.1 MG (0409-9094-12) | 1 | 1.05 |
| 11/13/20 | 0636 | J2001 | LIDOCAINE 20 MG/ML (2 %) SOLUTION (63323-495-27) | 8 | 11.60 |
| 11/13/20 | 0636 | J2405 | ONDANSETRON PER 1 MG (23155-196-31) | 4 | 1.08 |
| 11/13/20 | 0636 | J2704 | PROPOFOL PER 10 MG (63323-269-29) | 18 | 7.88 |
| 11/13/20 | 0250 | 25000003 | SUGAMMADEX PER VIAL (0006-5423-12) | 1 | 1,166.55 |

UMC
UNIVERSITY MEDICAL CENTER

| Date | Rev Code | Procedure Code | Description | Qty | Amount |
|---|---|---|---|---|---|
| 11/13/20 | 0636 | J0690 | CEFAZOLIN PER 500 MG (44567-707-25) | 6 | 9.23 |
| 11/13/20 | 0636 | J1200 | DIPHENHYDRAMINE PER 50 MG (72485-101-25) | 1 | 9.69 |
| 11/13/20 | 0636 | J3010 | FENTANYL PER 0.1 MG (0409-9094-12) | 2 | 4.17 |
| 11/13/20 | 0636 | J1100 | DEXAMETHASONE PER 1 MG (0641-0367-25) | 4 | 1.19 |
| 11/13/20 | 0636 | J2250 | MIDAZOLAM PER 1 MG (0409-2305-17) | 2 | 1.91 |
| 11/13/20 | 0250 | 25000003 | ROCURONIUM PER VIAL (0409-9558-05) | 2 | 234.35 |
| 11/13/20 | 0636 | J2720 | PROTAMINE SULFATE PER 10 MG (63323-229-05) | 2 | 30.12 |
| 11/13/20 | 0250 | 25000003 | LABETALOL 5 MG/ML SYRINGE (0409-2339-24) | 1 | 46.43 |
| 11/13/20 | 0636 | J1170 | HYDROMORPHONE PER 4 MG (0409-3365-11) | 1 | 0.69 |
| 11/13/20 | 0636 | J0690 | CEFAZOLIN PER 500 MG (44567-707-25) | 2 | 3.08 |
| 11/13/20 | 0636 | J1650 | ENOXAPARIN PER 10 MG (71288-410-82) | 4 | 35.23 |
| 11/13/20 | 0637 | 63700001 | OXYCODONE 5 MG TABLET (0406-0552-23) | 2 | 48.81 |
| 11/13/20 | 0637 | 63700001 | DOCUSATE SODIUM 100 MG CAPSULE (63739-478-10) | 1 | 5.56 |
| 11/13/20 | 0637 | 63700001 | CYCLOBENZAPRINE 5 MG TABLET (0603-3078-21) | 1 | 5.55 |
| 11/13/20 | 0637 | 63700001 | ACETAMINOPHEN 325 MG TABLET (50580-600-02) | 2 | 4.00 |
| 11/13/20 | 0636 | J2270 | MORPHINE (PF) 4 MG/ML SOLUTION (0641-6125-01) | 1 | 6.26 |
| 11/13/20 | 0636 | J0690 | CEFAZOLIN PER 500 MG (44567-707-25) | 2 | 3.08 |
| 11/13/20 | 0762 | 76200001 | HC OBSERVATION HOURLY | 3 | 469.35 |
| 11/13/20 | 0270 | 27000256 | Hc Sleeve Flowtron Thigh Lg K0133 | 1 | 445.81 |
| 11/13/20 | 0250 | 25041816 | Hc Sevoflurane Per Minute | 474 | 3,943.68 |
| 11/13/20 | 0272 | 27243053 | HC IV PUMP SET PLAIN | 1 | 84.14 |
| 11/13/20 | 0270 | 27000113 | Hc Oxisensor Adult B2251 | 1 | 156.50 |
| 11/13/20 | 0270 | 27099070 | CHLORAPREP SCRUB ORANGE 26ML | 2 | 101.89 |
| 11/13/20 | 0270 | 27000252 | SPONGE SURGIFOAM AGS SZ 100 | 1 | 155.11 |
| 11/13/20 | 0270 | 27099070 | GELFOAM SPONGE SZ 50 DR NG | 1 | 110.38 |
| 11/13/20 | 0270 | 27000255 | STAPLER SKIN PROXIMA TE HEAD FIXED DISP 35 WIDE STERILE | 1 | 53.12 |
| 11/13/20 | 0270 | 27000302 | BLANKET FULL UNDERBODY MODEL BAIR | 1 | 181.30 |
| 11/13/20 | 0270 | 27099070 | MODULE PBDS PERIPHERAL VASCULAR | 1 | 1,056.88 |
| 11/13/20 | 0272 | 27201769 | SUTURE FIBERWIRE SZ 2 BLUE 38IN W/TPRD NDL | 3 | 537.06 |
| 11/13/20 | 0270 | 27099070 | TAPE MEDFIX PERF 4IN | 1 | 58.12 |
| 11/13/20 | 0270 | 27099070 | APPLIER LIGACLIP MULTI-CLIP SMALL 9-3/8IN | 2 | 611.16 |
| 11/13/20 | 0270 | 27099070 | SUTURE BACKGROUND | 1 | 70.71 |
| 11/13/20 | 0270 | 27099070 | CONNECTOR DUAL HOSE | 1 | 65.28 |
| 11/13/20 | 0270 | 27099070 | BLADE CLIPPER SURGICAL | 1 | 85.18 |
| 11/13/20 | 0270 | 27099070 | MANIFOLD 4-PORT NEPTUNE2 | 1 | 142.20 |
| 11/13/20 | 0270 | 27099070 | APPLIER LIGACLIP MULTI-CLIP MED SHORT | 2 | 613.74 |
| 11/13/20 | 0270 | 27099070 | DRAPE HAND STERILE | 1 | 51.21 |
| 11/13/20 | 0272 | 27201769 | WIRE SUTURE PASSING | 1 | 755.63 |
| 11/13/20 | 0272 | 27265394 | REAMER LO-PRO 8MM STERILE | 1 | 1,785.46 |
| 11/13/20 | 0270 | 27099070 | CUFF DUAL PORT 18IN X 4 STERILE REPROCESSED (MULT X 10) | 1 | 103.53 |
| 11/13/20 | 0272 | 27201757 | CATH EMBOLECTOMY SYNTEL LF 3F X 40CM REG TIP | 1 | 921.68 |
| 11/13/20 | 0270 | 27099070 | DRAPE C-ARM FLUOROSCAN 54X78IN LF | 1 | 59.09 |
| 11/13/20 | 0270 | 27004314 | TRAY BARD ADVANCE FOLEY CATH SURESTEP COMPLETE 16F | 1 | 114.43 |
| 11/13/20 | 0278 | 27801713 | IMPLANT ACHILLES TENDON W/O BONE BLOCK | 1 | 7,070.63 |
| 11/13/20 | 0278 | 27801713 | KIT IMPLANT SYSTEM DSTL BICEPS REPAIR | 1 | 4,556.25 |
| 11/13/20 | 0360 | 36000018 | Hc Or Level 4 - First 30 Mins | 1 | 13,828.50 |



| Date | Rev Code | Procedure Code | Description | Qty | Amount |
|---|---|---|---|---|---|
| 11/13/20 | 0710 | 71000010 | Hc Asu Pacu Recovery | 114 | 114.00 |
| 11/13/20 | 0370 | 37000000 | Hc Anesthesia Per Minute | 488 | 4,880.00 |
| 11/13/20 | 0360 | 36000011 | Hc Or Level 4 - Addt'l 15 Mins | 31 | 192,907.42 |
| 11/13/20 | 0730 | 73093005 | HC ECG ROUTINE TRACING | 1 | 764.77 |
| 11/13/20 | 0260 | 26096374 | Hc Ther/proph/diag Inj Iv Push | 1 | 322.19 |
| 11/13/20 | 0762 | NV00675 | HC OBSERVATION HOURLY | 2 | 312.90 |
| 11/14/20 | 0637 | 63700001 | ACETAMINOPHEN 325 MG TABLET (50580-600-02) | 2 | 4.00 |
| 11/14/20 | 0637 | 63700001 | OXYCODONE 5 MG TABLET (0406-0552-23) | 2 | 48.81 |
| 11/14/20 | 0300 | 30085025 | CBC WITH ELECTRONIC DIFF | 1 | 272.89 |
| 11/14/20 | 0300 | 30083735 | MAGNESIUM | 1 | 315.31 |
| 11/14/20 | 0300 | 30080069 | RENAL FUNCTION TEST | 1 | 497.62 |
| 11/14/20 | 0637 | 63700001 | CYCLOBENZAPRINE 5 MG TABLET (50268-190-11) | 1 | 24.91 |
| 11/14/20 | 0637 | 63700001 | DOCUSATE SODIUM 100 MG CAPSULE (0904-6455-61) | 1 | 5.55 |
| 11/14/20 | 0636 | J1650 | ENOXAPARIN PER 10 MG (71288-410-82) | 4 | 35.23 |
| 11/14/20 | 0636 | J2270 | MORPHINE (PF) 4 MG/ML SOLUTION (0641-6125-01) | 1 | 6.26 |
| 11/14/20 | 0637 | 63700001 | ACETAMINOPHEN 325 MG TABLET (50580-600-02) | 2 | 4.00 |
| 11/14/20 | 0762 | 76200001 | HC OBSERVATION HOURLY | 12 | 1,877.40 |
| 11/14/20 | 0260 | 26096376 | HC TX/PROD/DX INJ SAME DRUG ADD ON | 1 | 165.93 |
| 11/14/20 | 0260 | 26096372 | Hc Ther/proph/diag Inj Sc/im | 1 | 235.05 |
| **Total hospital charges:** | | | | | **247,307.35** |

**Hospital Payments and Adjustments**

| Date | Description | Amount |
|---|---|---|
| 01/14/21 | Associate Risk Management Payments | -6,313.11 |
| 02/08/21 | Associate Risk Management Adjustments | -240,994.24 |
| **Total hospital payments and adjustments:** | | **-247,307.35** |

**PLEASE NOTE** BALANCE MAY NOT REFLECT PAYMENTS, ADJUSTMENTS, CREDITS OR CHARGES PENDING POSTING.



University Medical Center of Southern Nevada
1800 W. Charleston Blvd.
Las Vegas, NV 89102
Ph: (702) 383-2347

July 28, 2021

Serhan Korkmaz
359 VALLEGGIA DR
LAS VEGAS, NV 89138

Guarantor ID: 400011282

Visit Coverages:
Associate Risk Management - Associated Risk Management

This is not a bill. This is an itemization of your hospital services for:

Patient: Korkmaz, Serhan
Hospital Account: 18007290976

Admission Date: 06/04/21
Discharge Date: 06/04/21

Current Hospital Account Balance: 9,159.07

**Hospital Charges**

| Date | Rev Code | Procedure Code | Description | Qty | Amount |
|---|---|---|---|---|---|
| 06/03/21 | 0300 | 30085025 | CBC WITH ELECTRONIC DIFF | 1 | 272.89 |
| 06/03/21 | 0300 | 30080048 | BASIC METABOLIC | 1 | 480.69 |
| 06/03/21 | 0306 | 30610003 | COVID 19 HIGH VOLUME | 1 | 150.00 |
| 06/03/21 | 0306 | 30610005 | COVID&19&RAPID&TESTING | 1 | 50.00 |
| 06/04/21 | 0258 | 25800003 | ELECTROLYTE-7.4 PARENTERAL SOLUTION (0338-0221-04) | 1 | 348.10 |
| 06/04/21 | 0258 | 25800003 | ELECTROLYTE-7.4 PARENTERAL SOLUTION (0338-0221-04) | 1 | 348.10 |
| 06/04/21 | 0250 | 25000003 | SODIUM CHLORIDE 0.9 % 0.9 % SOLUTION (0409-7138-09) | 1 | 220.16 |
| 06/04/21 | 0636 | J0702 | BETAMETHASONE ACET & SOD PHOS PER 4 MG (0517-0720-01) | 5 | 123.94 |
| 06/04/21 | 0636 | J2001 | LIDOCAINE 1 % PER 10 MG (0143-9595-25) | 5 | 3.12 |
| 06/04/21 | 0636 | J2405 | ONDANSETRON PER 1 MG (23155-196-31) | 4 | 1.08 |
| 06/04/21 | 0636 | J2704 | PROPOFOL PER 10 MG (63323-269-29) | 15 | 7.88 |
| 06/04/21 | 0250 | 25000003 | BUPIVACAINE HCL 0.25 % (2.5 MG/ML) SOLUTION (0409-1160-01) | 1 | 39.83 |
| 06/04/21 | 0250 | 25000003 | SUGAMMADEX PER VIAL (0006-5423-12) | 1 | 1,208.53 |
| 06/04/21 | 0636 | J0690 | CEFAZOLIN PER 500 MG (44567-707-25) | 4 | 6.17 |
| 06/04/21 | 0636 | J3010 | FENTANYL PER 0.1 MG (0409-9094-12) | 1 | 2.10 |
| 06/04/21 | 0636 | J1100 | DEXAMETHASONE PER 1 MG (0641-6145-01) | 4 | 1.11 |
| 06/04/21 | 0636 | J2001 | LIDOCAINE PER 10 MG (0409-4277-01) | 2 | 0.27 |
| 06/04/21 | 0250 | 25000003 | BUPIVACAINE-EPINEPHRINE 0.25 %-1:200,000 SOLUTION (0409-9043-01) | 1 | 90.96 |
| 06/04/21 | 0250 | 25000003 | ROCURONIUM PER VIAL (0409-9558-05) | 1 | 116.62 |
| 06/04/21 | 0270 | 27001023 | Hc Sleeve Scd Vasopress Dvt Calf Standard | 1 | 106.00 |
| 06/04/21 | 0250 | 25041816 | Hc Sevoflurane Per Minute | 94 | 782.08 |
| 06/04/21 | 0270 | 27000113 | Hc Oxisensor Adult B2251 | 1 | 157.00 |
| 06/04/21 | 0270 | 2701001 | CHLORAPREP SCRUB ORANGE 26ML | 1 | 59.69 |



| Date | Rev Code | Procedure Code | Description | Qty | Amount |
|---|---|---|---|---|---|
| 06/04/21 | 0270 | 27099070 | MODULE PBDS LOWER EXTREMITY | 1 | 944.80 |
| 06/04/21 | 0270 | 27099070 | MANIFOLD PORT SINGLE NEPTUNE2 | 1 | 90.76 |
| 06/04/21 | 0278 | 27808699 | PROTECTOR NERVE AXOGUARD 7MM X 40MM | 1 | 10,222.50 |
| 06/04/21 | 0278 | 27808699 | PROTECTOR NERVE AXOGUARD 10MM X 40MM | 1 | 10,222.50 |
| 06/04/21 | 0360 | 36000017 | Hc Or Level 3 - First 30 Mins | 1 | 12,096.00 |
| 06/04/21 | 0710 | 71000010 | Hc Asu Pacu Recovery | 42 | 42.00 |
| 06/04/21 | 0370 | 37000000 | Hc Anesthesia Per Minute | 108 | 1,080.00 |
| 06/04/21 | 0360 | 36000010 | Hc Or Level 3 - Addt'l 15 Mins | 6 | 32,659.20 |
| 06/04/21 | 0310 | 31088304 | Hc Gross/micro Level Iii | 1 | 335.95 |
| **Total hospital charges:** | | | | | **72,270.03** |

**Hospital Payments and Adjustments**

| Date | Description | Amount |
|---|---|---|
| 06/29/21 | Associate Risk Management Adjustments | -63,110.96 |
| **Total hospital payments and adjustments:** | | **-63,110.96** |

**PLEASE NOTE** BALANCE MAY NOT REFLECT PAYMENTS, ADJUSTMENTS, CREDITS OR CHARGES PENDING POSTING.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Korkmaz

**(b)** County of Residence of First Listed Plaintiff ______
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Mainor Wirth

**DEFENDANTS**

DeWalt Industrial Tool Company, Inc., et al

County of Residence of First Listed Defendant ______
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS – PERSONAL INJURY | TORTS – PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 370 Other Fraud | **LABOR** | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☒ 360 Other Personal Injury | | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
US 1333

Brief description of cause:
Personal Injury Action

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*

JUDGE ______ DOCKET NUMBER ______

DATE
April 18, 2022

SIGNATURE OF ATTORNEY OF RECORD
/s/ David Barron

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______